IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CELERINO SILVA | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:19-cv-03671 |
| | § | |
| SAFECO INSURANCE COMPANY OF INDIANA | § | |
| | § | (JURY) |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Safeco Insurance Company of Indiana ("Defendant"), timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 215th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof shows as follows:

**A.  Introduction**

1. Plaintiff Celerino Silva ("Plaintiff") commenced this lawsuit against Defendant in the 215th District Court of Harris County, Texas, by filing her Original Petition on or about August 22, 2019. A true and correct copy of the Original Petition is attached hereto as Exhibit "A." Plaintiff served the Original Petition on Defendant on August 30, 2019. A true and correct copy of Defendant's Answer to Plaintiff's Original Petition, Defendant's Special Exceptions to Plaintiff's Original Petition, and Defendant's Jury Demand, filed on September 20, 2019, is attached hereto as Exhibit "B."

2. Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiff's Original Petition as required by 28 U.S.C. § 1446(b).

3. Plaintiff seeks to recover damages in this lawsuit based on allegations of breach of contract and violations of the Texas Insurance Code resulting from the alleged conduct of Defendant. Plaintiff's claims arise under a homeowner's policy of insurance issued by Defendant on real and personal property owned by Plaintiff, located in Harris County, Texas, which is alleged to have been damaged by Hurricane Harvey on or about August 28, 2017. Plaintiff alleges Defendant improperly inspected and wrongfully denied and/or underpaid the claim and seeks damages in the form of policy benefits, attorneys fees, and other damages.

**B. Jurisdiction & Removal**

4. In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5. Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiff is a citizen of the State of Texas. Defendant is a corporation organized under the laws of the State of Massachusetts with its principal place of business located in Boston.

6. In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332. Here, although Plaintiff states she is suing for monetary relief "not to exceed the sum or value of $74,000," she fails to include a stipulation or affidavit to that effect. The face of a plaintiff's pleading will not control if made in bad faith. The inquiry

does not end merely because the plaintiff alleges damages below the threshold. Plaintiff can only end that inquiry by showing, *with legal certainty*, that her recovery will not exceed that amount. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). To meet this obligation, Plaintiff can cite a statute that limits her recovery, or she can file a binding stipulation or affidavit regarding those damages with her complaint. *Id. See also Sam v. Nationwide Prop. & Cas. Ins. Co.*, No. H-10-1034, 2010 WL 2471905 at *4 (S.D. Tex. Jun. 16, 2010); *Troiani v. Allstate Ins. Co.*, No. B-06-00067, 2006 WL 1851378 at *1 (S.D. Tex. Jul. 3, 2006). Here, Plaintiff has done neither.

7. Texas law simply does not permit a plaintiff to plead that she seeks damages not to exceed $75,000 to avoid removal. Thus, a specific demand such as Plaintiff's cannot be deemed the amount in controversy because "[s]uch manipulation is surely characterized as <u>bad faith</u>." *Garcia v. Kellogg USA, Inc.*, No. 7:13-CV-00347, 2013 WL 4735169, at *1 (S.D. Tex. Sept. 3, 2013) (citing *De Aguilar*, 47 F.3d at 1410); *see also Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (holding that plaintiff who pleaded an award not to exceed $74,000 "purposefully contravened the Texas rules governing pleading requirements so as to avoid federal jurisdiction."). Accordingly, if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must show to a legal certainty that she will not be able to recover more than the damages for which she has prayed in the state court complaint. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1411 (5th Cir. 1995).

8. To support the allegation that the amount in controversy exceeds $75,000.00, the defendant may rely on an estimation of damages calculated from the allegations in the complaint. *Luckett v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999). The Defendant may also rely on the notice of removal, affidavits, stipulations, interrogatories, or other evidence. *De Aguilar,* 11

F.3d at 58.  If the court finds it necessary to consider additional information, items to be considered include, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs.  *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy.  *Id.*  Here, the combination of Plaintiff's allegations and Defendant's evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

9. Specifically, Plaintiff is suing for benefits afforded to her under Defendant's homeowners insurance policy, which provides $152,100.00 in coverage to Plaintiff's property.  *See* a copy of the declarations page for the insurance policy at issue in this case, attached at Exhibit "C."  In any first party insurance action, the amount of contract damages can be up to the insured amount.  In addition, Plaintiff's pleading states that she is also seeking:

(a) Punitive damages in the amount of three times her actual damages (*see* Ex. A at ¶¶ 25, 32);

(c) Statutory damages in the amount of 18% interest on the total amount of the claim (*id.* at ¶¶ 20, 32);

(d) Exemplary damages (*id.* at ¶ 32);

(e) Attorneys' fees (*id.* at ¶ 26-28, 32).

Thus, it is clear the types of damage Plaintiff is seeking, when considered jointly, put her well above the jurisdictional minimum.  Taking all the allegations together, Defendant has ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction.

10. For these reasons, Defendant believes it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00.  Defendant has also made such showing by a preponderance of the evidence as required by applicable federal law.

11. Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

12. Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 215th District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

13. Attached hereto are all documents required by 28 U.S.C. § 1446(a).

14. Defendant demanded a jury in the state court action. Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure.

15. All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Defendant Safeco Insurance Company of Indiana hereby removes the above-captioned matter, now pending in the 215th District Court of Harris County, to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:  _____/s/ *J. Mark Kressenberg*_____
J. Mark Kressenberg
Fed. Adm. No. 7793
Texas State Bar No. 11725900
Travis Cade Armstrong
Fed. Adm. No. 1690801
Texas State Bar No. 24069312
909 Fannin Street
Two Houston Center
Suite 2500
Houston, Texas 77010-1003
713-951-1000 Telephone
713-951-1199 Telecopier

**ATTORNEYS FOR THE DEFENDANT SAFECO INSURANCE COMPANY OF INDIANA**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail, return receipt requested, messenger delivery, e-filing, or facsimile transmission on September 26, 2019 to the following counsel of record:

    Anthony G. Buzbee
    Christopher J. Leavitt
    THE BUZBEE LAW FIRM
    JP Morgan Chase Tower
    600 Travis, Suite 6850
    Houston, TX 77002
    Telephone: (713) 223-5393
    Facsimile: (713) 223-5909

    Stephen R. Walker
    Gregory J. Finney
    Juan A. Solis
    LAW OFFICES OF MANUEL SOLIS, PC
    6657 Navigation Blvd.
    Houston, TX 77011
    Telephone: (713) 277-7838
    Facsimile: (281) 377-3924

                                            /s/ *J. Mark Kressenberg*
                                                J. Mark Kressenberg

JMK:TCA
3578958_1.docx