

# Notice of Service of Process

null / ALL
**Transmittal Number: 20328031**
Date Processed: 09/03/2019

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |
| **Entity:** | Safeco Insurance Company Of Indiana<br>Entity ID Number 2780991 |
| **Entity Served:** | Safeco Insurance Company of Indiana |
| **Title of Action:** | Celerino Silva vs. Safeco Insurance Company of Indiana |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Harris County District Court, TX |
| **Case/Reference No:** | 2019-58660 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 08/30/2019 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Anthony G. Buzbee<br>713-223-5393 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

EXHIBIT
A

DELIVERED AUG 3 0 2019

CAUSE NO. 201958660

RECEIPT NO.                    0.00        CIV
         **********            TR # 73662093

| | |
|---|---|
| PLAINTIFF: SILVA, CELERINO<br>  vs.<br>DEFENDANT: SAFECO INSURANCE COMPANY OF INDIANA | In The   215th<br>Judicial District Court<br>of Harris County, Texas<br>215TH DISTRICT COURT<br>Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: SAFECO INSURANCE COMPANY OF INDIANA MAY BE SERVED THROUGH
    CORPORATION SERVICE COMPANY
    211  EAST 7TH STREET SUITE 620   AUSTIN  TX  78701 - 3218
    Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>22nd day of August, 2019</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 26th day of August, 2019, under my hand and seal of said Court.

<u>Issued at request of:</u>
LEAVITT, CHRISTOPHER JERROD
600  TRAVIS STREET SUITE 7300
HOUSTON, TX  77002
Tel: (713) 223-5393
<u>Bar No.:</u>  24053318

Marilyn Burgess
MARILYN BURGESS, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)
Generated By: CLAUSELL,CYNTHIA   RGI//11308579

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____                        _____

                                     _____ of _____ County, Texas

                                  By _____
_____
       Affiant                          Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                                     _____
                                                   Notary Public

N.INT.CITR.P                 *73662093*

8/22/2019 12:21 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36189608
By: Brittany Hall
Filed: 8/22/2019 12:21 PM

*2019-58660 / Court: 215*

CAUSE NO. _____

| | | |
|---|---|---|
| CELERINO SILVA<br>*Plaintiff* | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| v. | §<br>§ | HARRIS COUNTY, TEXAS |
| | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| SAFECO INSURANCE COMPANY OF<br>INDIANA<br>*Defendant* | §<br>§<br>§ | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW PLAINTIFF Celerino Silva ("Plaintiff") and files this Original Petition against Safeco Insurance Company of Indiana ("Defendant") and, in support of thereof, would respectfully show the Court the following:

**I.   DISCOVERY CONTROL PLAN AND MONETARY RELIEF**

1.   Plaintiff intends to conduct discovery under Level 2. Tex. R. Civ. P. 190.3.

2.   Plaintiff seeks monetary relief under $100,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Tex. R. Civ. P. 47(c)(1). Further, Plaintiff specifies that she seeks a maximum amount of damages that does not exceed the sum or value of $74,000, exclusive of interest and costs. Removal would be improper because there is no federal question. Plaintiff has not asserted any claims arising under the Constitution, treaties or laws of the United States of America. 28 U.S. Code § 1331. Further, removal would be improper because federal courts lack subject matter jurisdiction over this action, as the matter in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S. Code § 1332.

## II. CONDITIONS PRECEDENT

3. Pursuant to Tex. R. Civ. P. 54, Plaintiff asserts that all conditions precedent to recovery have been performed or have occurred.

## III. PARTIES, JURISDICTION AND VENUE

### A. PARTIES

4. Plaintiff Celerino Silva is a Texas resident, who resides in 4718 Bridgeview Ln., Spring, Harris County, Tx.

5. Defendant Safeco Insurance Company of Indiana is an insurance company doing business in the State of Texas, which may be served through Corporation Service Company at 211 East 7th Street Suite 620 Austin, TX 78701 -3218.

### B. JURISDICTION

6. The Court has subject matter jurisdiction over this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of the Court.

7. The Court has both general and specific personal jurisdiction over Defendant. The Court has general jurisdiction over Defendant, as Defendant has sufficient minimum contacts with and within this State and has purposefully availed itself of the privilege of conducting activities within this State, thus invoking the benefits, protections, and obligations of this State's laws. Defendant's contacts with this State, which are continuous and systematic, include doing business in Texas, selling and delivering insurance products in Texas, entering into contracts for insurance in Texas with Texas residents, insuring property located in Texas, underwriting insurance policies in Texas, accepting policy premiums in Texas and adjusting insurance claims in Texas. This activity was not the unilateral activity of another party or a third person.

8. Defendant's contacts with Texas, relied upon by Plaintiff, were purposeful and were not random, fortuitous, or attenuated, and are thus subject to the jurisdiction of this State in suits based on its activities. The Court has jurisdiction over Defendant because: (1) Defendant purposefully availed itself of the benefits of conducting activities in Texas, and (2) the cause of action arises from or relates to those contacts or activities.

9. The Court has specific jurisdiction over this matter as it involved the execution, performance, and breach of a Texas insurance contract with Plaintiff, who is a Texas resident, with regards to an insured risk and/or property located in Texas. As a matter of law, Defendant conducted business in this State because, without limitation, Defendant conducted the business of insurance in Texas and committed one or more torts and/or violated the Texas DTPA and/or Insurance Code, in whole or in part in this State, against Plaintiff in Harris County, Texas. Defendant has sufficient and/or minimum contacts with this State, and thus Plaintiff affirmatively assert the Court's exercise of jurisdiction over Defendant comports with "traditional notions of fair play and substantial justice."

**C.   VENUE**

10. Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County. Tex. Civ. Prac. & Rem. Code § 15.002(a)(1). The property subject to this dispute and which is owned by Plaintiff is located in Harris County. The insurance policy insuring the property was executed in Harris County. The damage to the property resulted from an event or occurrence in Harris County. The resulting insurance claim that was made by Plaintiff, the property inspection performed by Defendant, and the denial and/or underpayment of the insurance claim by Defendant occurred in Harris County.

## IV. FACTUAL BACKGROUND

11. Celerino Silva is a named insured under a property insurance policy issued by Safeco Insurance Company of Indiana. The policy number is ***8156.

12. Hurricane Harvey caused major wind damage to thousands of homes in the Southeast Texas area. Hurricane Harvey's winds were sufficient to cause damage as evidenced in this claim.. Thereafter, Plaintiff's subsequently filed a claim on his insurance policy.

13. Defendant improperly denied and/or underpaid the claim.

14. Defendant conducted a substandard investigation and inspection of the property, prepared a report, which did not include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

15. Specifically, On August 28, 2017, Hurricane Harvey hit the Texas coast, which included Harris County. This resulted in roof and interior damage to Plaintiff's home. Specifically, the storm removed and lifted shingles on the roof, allowing water to enter the home. As a result, there are visible cracks and water stains throughout the home. Thereafter, Plaintiff filed a claim on his insurance policy.

16. Defendant performed an outcome-oriented investigation of Plaintiff's claim. Defendant's (improper) claims handling included Defendant's biased claims adjustment, and an unfair and inequitable evaluation of Plaintiff's losses on the property. In addition, Defendant's claims handling included both an unreasonable investigation and underpayment of Plaintiff's claim.

## V. CAUSES OF ACTION AND ATTORNEY'S FEES

17. Plaintiff incorporates the foregoing for all purposes.

**A. BREACH OF CONTRACT**

18. Plaintiff and Defendant entered into an insurance contract. Defendant breached this contract by, without limitation, inadequately and/or improperly investigating Plaintiff's insurance claim, wrongfully denying and/or underpaying the claim. Defendant damaged Plaintiff through its actions and/or inactions described herein.

**B.    PROMPT PAYMENT OF CLAIMS STATUTE**

19. Defendant's failure to pay for Plaintiff's losses and/ or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542. 051 *et seq.* of the Texas Insurance Code.

20. In addition to Plaintiff's claim for damages, Defendant's violation of the Tex. Insurance Code entitles Plaintiff to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.    BAD FAITH**

21. Defendant is an insurance company and insured Plaintiff's property. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

22. Defendant violated Section 541.051 of the Texas Insurance Code by, without limitation:

   1. Making statements misrepresenting the terms and/or benefits of the policy.

23. Defendant also violated Section 541.060 by, without limitation:

   1. Misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

   2. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

3. Failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromised settlement of a claim;

4. Failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and/or

5. Refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

24. Defendant violated Section 541.061 by, without limitation:

1. Making an untrue statement of material fact;

2. Failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

3. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

4. Making a material misstatement of law; and/or

5. Failing to disclose a matter required by law to be disclosed.

25. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D. ATTORNEYS' FEES**

26. Plaintiff engaged the undersigned attorneys to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because an attorney that represents Plaintiff

presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

28. Plaintiff further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI. DISCOVERY REQUESTS

29. Pursuant to Tex. R. Civ. P. 194, 195, 196, 197 & 198, and in accordance with the instructions stated therein, Plaintiff requests that Defendant respond to the attached Request for Disclosures, Request for Production, Interrogatories, and Request for Admissions within fifty (50) days of its receipt of the same. See Exhibit A, attached hereto.

## VII. TEX. R. CIV. P. 193.7 NOTICE.

30. Pursuant to Tex. R. Civ. P. 193.7, the undersigned hereby notifies all parties and counsel of record that Plaintiff may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

## VIII. JURY DEMAND

31. Pursuant to Tex. R. Civ. P. 216, Plaintiff hereby demands trial by jury and has tendered the appropriate fee.

## IX. PRAYER

32. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein, and that, after due process of law, Plaintiff have judgment against Defendant for actual damages, together with exemplary damages, statutory damages, treble damages, statutory interest, pre-judgment interest, post-judgment interest, attorneys' fees, costs of

suit, and for all such other and further relief, both general and special, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**THE BUZBEE LAW FIRM**

By: /s/ *Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Christopher J. Leavitt
State Bar No. 24053318
cleavitt@txattorneys.com
JP Morgan Chase Tower
600 Travis, Suite 6850
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909

AND

**LAW OFFICES OF MANUEL SOLIS, PC**

By: /s/ *Stephen R. Walker*
Stephen R. Walker
State Bar No. 24001820
Texas Bar No. 24034729
Gregory J. Finney
Texas Bar No. 24044430
Juan A. Solis
Texas Bar No. 24103040
6657 Navigation Blvd.
Houston, TX 77011
Phone: (713) 277-7838
Fax: (281) 377-3924
swalker@manuelsolis.com
gfinney@manuelsolis.com
jusolis@manuelsolis.com

**ATTORNEYS FOR PLAINTIFF**